DAWKINS, J.
Plaintiffs sue for damages for the death of their minor child, Charley Ziegei, under article 2315 of the Civil Code. They allege that he was killed through the fault and negligence of the defendant while employed in his box factory in the town of Hammond, La., and at a time when the said deceased was under the age of 14 years, at which age it was unlawful for him to be employed in any capacity in said factory.
Defendant denied the negligence charged, and averred that, at the time of his death, deceased was more than 16 years of age, and *709 that all of the requirements of the Employers’ Liability Law (Laws 1914, p. 44) had been complied with.
There was judgment for the defendant in the court below, reserving the right of plaintiffs to sue under the said employers’ liability statute, and from which judgment they have appealed.
Opinion.
It is conceded by the counsel for plaintiffs that if the court should find, as a matter of fact, that the deceased, Charley Ziegel, was above the age of 14 years at the time of receiving the injuries from which he died, almost instantly, then this suit cannot prevail, and plaintiffs will be relegated to an action under the statute mentioned.
We are therefore called upon to review, primarily, the finding of fact by the lower judge, who saw and heard all of the witnesses testify. The mother and father of the deceased, who were not living together at the time of the trial, and the half-sister of the deceased, who was 24 years old, testified that Charley was born on July 4, 1903; but on cross-examination their statements were badly shaken by their inability to give any substantial reason for being able to fix this date so accurately, in view of the fact that they could not give definitely the ages or dates of the births of the other five children, as well as in other features of their testimony. They also swore that the ages of the children were recorded in a Bible or Testament at the home of the mother in Kentwood, La., and notwithstanding she was permitted to return there for the purpose of making a search, therefor, and later returned and testified, she was unable to find it, but said she was sure it was there somewhere. It is true that the record indicates that all of these witnesses were rather ignorant and uneducated, and some allowance, for that reason, must be made for their inability to withstand a very severe cross-examination, yet it is in evidence that when the deceased applied for employment to defendant he was required to state his age, which was given at 16 years; he was furnished with a certificate to that effect, and later returned it to the defendant, with what purported to be the signature of his said mother thereon, approving this statement. She admitted that her said son had brought the certificate to her and endeavored to get her to sign, but denied that she had done so. However, inasmuch as she and her deceased son were the only witnesses thereto, defendant was unable to produce any one to prove that she actually did sign the statement. Again, the deceased took out an insurance policy, with his said mother as the beneficiary, in which the same age, 16, was given, and on the application therefor she purported to sign'by making her mark, though this was likewise denied, but she later surrendered and collected this policy, giving receipt therefor, and received the benefits of same on the theory that deceased was of that age. Then the records of the public schools showed that he had been registered as being 13 years of age at the beginning of the session of 1912-1913, and the accident happened on the 23d of January, 1917. Objection, of course, was made to this evidence, but it was the best of which the defendant could avail himself under the circumstances, and all of this together with the proof of the physical appearance of the deceased, tend strongly to sustain the contention that he was at least 15 or 16 years of age at the time of his death. In any event, the plaintiffs knew that he was working in the factory of the defendant, and were receiving the proceeds of his labor, well knowing that if he was under 14 this was being done in violation of the law. While it is not determinative of the question., of age, the defendant seems to have taken every reasonable precaution to assure itself that the deceased was of an age to be em- *711 ' ployed; ■ and -be was certainly not acting in ‘ bad fáith.
As Stated above, tbe lower judge doubtless knew tbe parties and witnesses personally, saw and’ beard tbem testify, and we are not disposed to disturb bis finding on tbe question Of fact involved.
■ For tbe reasons assigned, tbe judgment appealed from is affirmed at tbe cost of tbe appellants..